IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO TELEPHONE COMPANY, et al, <br><br>**Plaintiffs,** <br><br>v. <br><br>WorldNet, *et al*, <br><br>**Defendants.** | **CIVIL NO.** 12-1799 (JAG) |

OPINION & ORDER

Garcia-Gregory, D.J.

Pending before the Court is Puerto Rico Telephone Company's ("PRTC") Motion to Remand to the Puerto Rico Court of Appeals in Civil No. 12-1799 (Docket No. 16). The case involves PRTC's petition for judicial review of a determination made by the Telecommunications Regulatory Board of Puerto Rico ("the Board") concerning a dispute between PRTC and WorldNet Telecommunications, Inc. ("WorldNet"). For the reasons that follow, the Court **GRANTS** PRTC's Motion to Remand.

BACKGROUND

The Federal Telecommunications Act ("TCA") facilitates entry into local telecommunications markets by competitive local exchange carriers ("CLECs") through the resale or leasing of

certain facilities of incumbent local exchange carriers ("ILECs"). See 47 U.S.C. § 251. PRTC is an ILEC and WorldNet is a CLEC. In November 2010, they signed an Interconnection Agreement ("ICA") to offer telecommunications in accordance with the TCA. (Docket No. 3-1).

This case concerns PRTC's appeal of the Board's grant of WorldNet's petition for immediate relief against PRTC for failing to comply with the ICA. (Docket No. 3-1). PRTC appealed the Board's decision to the Puerto Rico Court of Appeals and the Board filed a Notice of Removal before this Court. (Docket No. 1).

## DISCUSSION

Only a defendant can remove an action initially brought in state court to federal court. 28 U.S.C. § 1441; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-105 (1941). Thus, the Board was entitled to remove this case only if it was a proper defendant. To make this inquiry, the Court must look beyond the position assigned to the Board in the initial pleading and assess if the Board is truly a defendant:[1]

---

[1] The Court notes that the Board was named a "parte recurrida" in the caption for the Petition for Administrative Reversal filed by PRTC in the Puerto Rico Court of Appeals. The Court does not believe this translates into the Board being named as a defendant but assuming *arguendo* it does, the Board still does not qualify as a defendant for removal purposes because of the

> The positions assigned to parties in a suit by the pleader are immaterial in determining the removability of a cause. It is the duty of the national court to ascertain the real matter in dispute, to arrange the parties on opposite sides of it according to the facts and their respective interests.

In re Chicago, M., St. P. & P.R. Co., 50 F.2d 430, 434 (D. Minn. 1931); see also Chicago, R.I & P.R. Co. v. Stude, 346 U.S. 574, 580 (1954) (holding that railroad was the *plaintiff* and therefore not entitled to remove despite being docketed as the *defendant*); Mason City & Ft. D.R. Co. v. Boynton, 204 U.S. 570 (1907) (holding that landlord was a *defendant* and thus entitled to remove despite a state statute deeming the landlord a *plaintiff*).

For removal purposes, the defendant is the party against whom a claim is asserted. See OPNAD Fund, Inc., 863 F.Supp. 328, 333 (S.D. Miss. 1994); In re Estate of Duane, 765 F.Supp 1200, 1201 (S.D.N.Y. 1991). In this case, PRTC has not asserted *any* claim against the Board. The Board is simply the administrative agency whose determination is being contested.[2] If PRTC is granted the relief it seeks and the Board's decisions are reversed, WorldNet is the party that would be adversely affected. Not so for the Board. The fact that the Board may have

---

subsequent analysis. The Court makes the same observation regarding the caption in this case.

[2] This lies in stark contrast to other cases in which PRTC has asserted claims directly against the Board; e.g., that a Board Order violated PRTC's due process rights. See Civil Nos. 13-1186, 11-1152 and 11-2263.

some interest in the outcome of this litigation does not automatically make them a defendant entitled to remove. See, e.g., Gross v. Deberardinis, 722 F.Supp.2d 532 (D. Del. 2010); American Home Assur. Co. v. RJR Nabisco Holdings Corp., 70 F.Supp.2d 296, 298-299 (S.D.N.Y. 1999). In light of the above, the Court finds that the Board is not a true defendant and cannot remove under 28 U.S.C. § 1441.

The Board argues, however, that Worldnet later gave its consent to proceed in this Court and therefore, cured the defective notice of removal. The Court is not convinced. The Board's argument alludes to those situations in which a notice of removal fails the unanimity requirement. In those cases, the defect can be cured if the remaining defendants later express their desire to be in federal court. See, e.g. Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77 (1st Cir. 2009). But, that presumes that the initial notice of removal was filed by a "true" defendant. As held above, the Board was never a proper defendant since no claim was asserted against them by PRTC. Therefore, since the Board never had authority to remove, the notice of removal it filed was never valid in the first place and so it is immaterial whether WorldNet consented to it. WorldNet was the defendant that had to file a notice of removal; it did not do this and thus removal is improper.

Any doubts about the propriety of a removal should be resolved in favor of remand to the state court jurisdiction. See Mass. Sch. Of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 33 (1st Cir. 1998); Colon-Rodriguez v. Astra/Zeneca Pharmaceuticals, LP, 831 F.Supp.2d 545, 549 (D.P.R. 2011). Given this standard, even if it is not crystal clear that removal was improper, there are sufficient doubts about the propriety of the Board's removals to warrant remanding these cases to the state court.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** PRTC's Motion to Remand. Judgment shall follow accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of July, 2013.

S/ Jay A. Garcia-Gregory
United States District Judge